IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In re.: Heparin Products Liability Litigation     MDL No. 1953

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Shine Philip, et al.,     Case No. 1:10-hc-60195

           Plaintiffs

     v.     ORDER

St. David's Healthcare Partnership, et al.,

           Defendants

This is a product liability action which plaintiffs originally filed in Travis County, Texas, state court. As to the defendant Baxter Healthcare Corporation, the gravamen of plaintiffs' complaint is that plaintiff Shine Philip received multiple doses of contaminated Heparin that Baxter had manufactured. As to St. David's Heathcare Partnership, plaintiffs contend that its administration of the tainted Heparin occurred several months after Baxter's recall notice. Plaintiffs allege additional instances of mistreatment during Mr. Philip's hospitalization.

Baxter removed this suit to the United States District Court for the Western District of Texas. Baxter did so on the basis of federal question jurisdiction and putative fraudulent misjoinder as to non-diverse healthcare providers, including St. David's. At the direction of the Judicial Panel on Multi-District Litigation, this case became part of the *Heparin Products Liability* MDL.

Pending is plaintiffs' motion to remand (Doc. 7), as supplemented (Doc. 16) following transfer to this court. Baxter opposes the motion. (Doc. 20).

Baxter has abandoned its original grounds for removal: it no longer argues that the complaint raises a federal question. Nor does it contend that joinder of St. David's was fraudulent.

Instead, Baxter urges me to follow my decision denying remand in *Joseph v. Baxter Int'l, Inc.*, 614 F. Supp. 2d 868 (N.D. Ohio 2009). In *Joseph*, I severed the claims against Baxter from those against the plaintiffs' medical providers, and remanded the latter claims back to the state court of original filing. I applied Fed. R. Civ. P. 21 and thereby engendered diversity between the plaintiffs and Baxter.

Baxter's opposition to the remand motion claims that discovery would likely show that Mr. Philips did not receive tainted Heparin. Were that so, the complaint against Baxter would have no merit and dismissal would follow. As to St. David's and other non-diverse defendants, plaintiffs would, presumably, still have any maltreatment claims unrelated to alleged administration of tainted Heparin.

Plaintiffs have substantially undercut Baxter's contention about the non-administration of tainted Heparin. Plaintiffs have submitted copies of billing records which, according to them—and Baxter has not refuted their contention—show that Mr. Philips received Heparin from a recalled lot.

That appearing so, at least for purposes of deciding this motion, a closer nexus exists between plaintiffs' claims against Baxter and St. David's than existed in *Joseph* between the claims against Baxter and the other defendants. In that case, plaintiffs claimed that the healthcare defendants failed to note and/or abide by a chart note indicating that the patient was allergic to Heparin.

Thus, in *Joseph*, severance and remand of the claims against the providers was neater and cleaner than if there were greater entanglement between those claims and the claims against Baxter.

Here, in contrast, no tidy demarcation line exists. Assuming (again, based on what is now before me, and solely for purposes of this opinion) that Mr. Philips received tainted Heparin, he and Baxter will presumably struggle over whether the adulterated Heparin could and did cause his injuries. Baxter will argue that its product either could not or did not cause those injuries. In making that argument, Baxter no doubt will point to the allegations of maltreatment by the providers.

Baxter will, as well, rely on the fact, if such is so, that the Heparin, if tainted, was covered by its recall notices. Pointing at St. David's, Baxter will likely argue that those notices relieve it of fault for the injuries. St. David's may, in turn, claim that the recalls were deficient, thereby trying to shove blame onto Baxter.

Severance and remand of the claims against the providers would raise, accordingly, problems not present in *Joseph*.

Keeping Baxter here and the claims against it as part of the MDL would have advantages. The outcome of the forthcoming *Daubert* hearings would apply to this case. The same probably would be true when and if I were called on within the aegis of the MDL to adjudicate contentions about the adequacy of the recall notices.

On balance, however, I conclude that remand of the entire case is the better and more appropriate course. Mr. Philips allegedly suffered an instantaneous adverse reaction to the first dose of Heparin. His condition apparently declined steadily, and, also apparently, irreversibly at some point thereafter.

Forcing plaintiffs to litigate both here and in Travis County would be more than inconvenient: it could potentially be prejudicial, if not severely so. With multiple suits would come increase in cost and potentially conflicting schedules and demands on plaintiffs' counsel.

More importantly, as plaintiffs argue, severance creates the proverbial empty chair. St. David's could blame Baxter for a lousy recall. Others charged with maltreatment could claim that contaminated Heparin, and not they caused the injuries.

Here, Baxter could blame St. David's for sloppy work in conducting the recall. In which case, even if Mr. Philips in fact got tainted Heparin, and even if a jury found cause therein for his injuries, he might not recover.

The fact of Mr. Philip's injuries and their seriousness, as alleged by plaintiffs, appears incontestable. There is reason, based on the present record, to believe that he received tainted Heparin on multiple occasions. Severance *per Joseph* could create a substantial risk that, even if one or more of the defendants were responsible for his injuries, it or they might unjustly avoid accountability.

To be sure, remand creates risks for Baxter. It also detracts from the overall usefulness of the MDL process. But I am persuaded that the risks of serious prejudice to the plaintiffs exceed those countervailing considerations, and that remand is proper.

It is, therefore,

ORDERED THAT plaintiff's motion to remand (Docs. 7, 16) be, and the same hereby is granted.

So ordered.

s/James G. Carr
United States District Judge